IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMETRIUS BLANKENSHIP,

                        Plaintiff,

    v.

AMERICAN PHOENIX,

                        Defendant.

OPINION and ORDER

17-cv-847-jdp

---

Pro se plaintiff Demetrius Blankenship is suing his former employer American Phoenix for race discrimination and retaliation under Title VII of the Civil Rights Act. Two motions are before the court: (1) Blankenship's motion to compel discovery, Dkt. 10; and (2) Blankenship's motion for leave to amend his amend his complaint, Dkt. 15. For the reasons explained below, I will deny both motions.

ANALYSIS

**A. Motion to compel**

In his opening brief, Blankenship alleges that the parties agreed to an informal stay of discovery in April 2018 while the they attempted to mediate the case. After making an offer to American Phoenix without hearing a response, Blankenship asked defense counsel in late August "how American Phoenix wanted to proceed." When Blankenship did not receive a response by his requested August 31 deadline, he filed the motion to compel responses to several sets of interrogatories and a request for production of documents. Dkt. 10. Blankenship does not say when he served his discovery requests on American Phoenix or when he expected American Phoenix to prepare discovery responses.

American Phoenix does not dispute most of Blankenship's account, but it also does not say when it received Blankenship's discovery requests. Regardless, it says that it served "complete responses" to the requests on September 13. Dkt. 12, at 2.

The bulk of Blankenship's reply brief (filed more than three weeks after his deadline) is devoted to the question whether American Phoenix acted reasonably during the discovery stay. But that is not the question raised in Blankenship's motion to compel. He does not allege that American Phoenix missed a deadline for responding to his discovery requests and he does not deny that American Phoenix provided discovery responses on September 13.

Blankenship states generally that the documents American Phoenix provided are "irrelevant, non-responsive, and totally opposite to the documentation requested." Dkt. 17, at 2. But if Blankenship wants the court to order American Phoenix to supplement its discovery responses, he must do more than raise a vague objection. Rather, he must: (1) identify the particular discovery request at issue; (2) explain why American Phoenix's response to that request is not sufficient; and (3) identify the additional discovery that he believes American Phoenix should provide. Because Blankenship did not do any of those things, I will deny his motion to compel.

**B. Motion for leave to amend his complaint**

Blankenship seeks leave to amend his complaint to add two defendants, Kevin Gingras and Karen Mueller, employees of American Phoenix who Blankenship says were involved in discriminating against him. But "there is no individual liability under Title VII." *Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 930 (7th Cir. 2017). The plaintiff must sue his employer, which is what Blankenship has already done. Even if it were possible to sue individuals under a different legal theory, I would deny Blankenship's motion as untimely and

unfairly prejudicial. *See Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 354 (7th Cir. 2017). Blankenship filed this lawsuit a year ago and the deadline for filing dispositive motions is December 17, 2018. Blankenship identifies no reason in his motion for waiting so long to seek leave to amend. If I were to allow him to amend his complaint now, I would have to strike the schedule to allow the new defendants to be served and conduct their own discovery, but that would be unfair to American Phoenix. So I will deny Blankenship's motion for leave to amend his complaint.

ORDER

IT IS ORDERED that Demetrius Blankenship's motion to compel, Dkt. 10, and motion for leave to file an amended complaint, Dkt. 15, are DENIED.

Entered November 16, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge