IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMETRIUS BLANKENSHIP,

                Plaintiff,

v.

AMERICAN PHOENIX,

                Defendant.

OPINION and ORDER

17-cv-847-jdp

---

Two motions filed by pro se plaintiff Demetrius Blankenship are before the court: (1) a motion to vacate the decision granting summary judgment to defendant American Phoenix on Blankenship's employment discrimination claims, Dkt. 50; and (2) a motion to compel discovery, Dkt. 51. For the reasons discussed below, I will deny both motions.

In his motion to vacate, Blankenship says that a jury could infer discriminatory intent from the way that American Phoenix handled a coworker's use of a racial slur, from alleged inaccuracies in the company's time records, and from the timing of a change in the company's attendance policy. But I considered each of these issues in the summary judgment opinion. *See* Dkt. 47, at 7–14. Because Blankenship is repeating the same arguments in his new motion, I need not consider these issues again.

Blankenship raises three discovery-related issues in his motion. First, he says that I was wrong to deny the motion to compel that he filed in September 2018. Second, he says that I should have denied summary judgment and directed American Phoenix to produce medical and attendance records of co-workers. Third, along the same lines, he says that I should vacate the summary judgment order to direct the same discovery now. Because of all of these issues are related, I will consider them together.

It is undisputed that the parties had agreed to stay discovery (without informing the court or asking to stay the case) at the time that Blankenship filed his motion to compel. Blankenship says that he filed the motion because he was tired of waiting for American Phoenix to respond to his settlement offer. But Blankenship admits that he didn't give notice to American Phoenix before filing his motion to compel that he wanted to lift the stay. And by the time American Phoenix had filed its response to Blankenship's motion to compel, it also provided responses to Blankenship's discovery requests. That mooted Blankenship's motion.

Three weeks after his reply brief in support of his motion to compel was due, Blankenship said that the documents American Phoenix provided were "irrelevant, non-responsive, and totally opposite to the documentation requested." Dkt. 17, at 2. But that was not the issue that Blankenship raised in his motion to compel. If he was unhappy with American Phoenix's responses, he should have filed a new motion to compel. A party cannot raise new issues in a reply brief. *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009).

In any event, I could not grant Blankenship any relief because he didn't provide copies of his discovery requests or American Phoenix's responses, summarize those requests or responses, or explain what was wrong with the responses or why he believed he was entitled to any information that American Phoenix was refusing to provide. So I had no way of determining whether American Phoenix was wrongfully withholding discovery.

In the order denying his motion to compel, I explained to Blankenship exactly what he should do if he wanted the court to order American Phoenix to supplement its discovery responses: (1) identify the particular discovery request at issue; (2) explain why American Phoenix's response to that request is not sufficient; and (3) identify the additional discovery that he believes American Phoenix should provide. Dkt. 20. But Blankenship didn't do that.

He also didn't file a motion under Federal Rule of Civil Procedure 56(d) in which he identified the specific discovery he needed to respond to the summary judgment motion, explained why he needed the discovery to defeat the summary judgment motion, and showed that he acted reasonably in failing to obtain the discovery sooner. *See Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1082 (7th Cir. 2016); *Kallal v. CIBA Vision Corp.*, 779 F.3d 443, 446 (7th Cir. 2015); *American Needle Inc. v. National Football League*, 538 F.3d 736, 740–41 (7th Cir. 2008). Instead, Blankenship complained generally in his summary judgment brief that American Phoenix had refused to provide medical records of a coworker, which Blankenship believed would show disparate treatment. He also asked the court to order American Phoenix to provide attendance records of coworkers for the same reason.

A party cannot bury a motion in a brief. *James Cape & Sons Co. v. PCC Const. Co.*, 453 F.3d 396, 400–01 (7th Cir. 2006). But even if I could have construed Blankenship's brief as a motion to compel or motion under Rule 56(d), I could not have granted Blankenship relief. As for the request for medical records, Blankenship still did not identify a particular discovery request that he had made and he did not tell the court what objections American Phoenix raised to producing the medical records. Even now, Blankenship hasn't done either of those things, making it impossible to determine whether American Phoenix violated the federal rules. As for the request for attendance records, Blankenship has failed to justify—then or now—his failure to ask for those records sooner.

The bottom line is that Blankenship hasn't shown that I erred in denying his discovery requests and granting summary judgment to American Phoenix. And for the same reasons, he hasn't shown that he is entitled to relief now. *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995) ("It is not the purpose of allowing motions for reconsideration to enable a party to

complete presenting his case after the court has ruled against him."). Although courts must construe pro se pleadings liberally and may excuse technical mistakes, "it is also well established that pro se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). In this case, I informed Blankenship what he needed to do to obtain additional discovery, but Blankenship failed to follow those instructions, so he is not entitled to another chance to litigate his case

ORDER

IT IS ORDERED that plaintiff Demetrius Blankenship's motion to vacate the decision granting summary judgment to defendant American Phoenix, Dkt. 50 and motion to compel discovery, Dkt. 51, are DENIED.

Entered June 12, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge